IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACINTO CHAPA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-421-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court are federal prisoner Jacinto Chapa's ("Chapa") petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), the FMC-Fort Worth Warden's response (ECF No. 9), and Chapa's reply (ECF No. 14).[1] After considering the relief sought by Chapa, the record, related briefing, and applicable law, the Court concludes that Chapa's § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

**I.   BACKGROUND**

Chapa was convicted in the United States District Court for the Southern District of Indiana of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. J., *United States v. Chapa*, No.1:07-cr-073-07 (S.D. Ind. Sep. 10, 2009), ECF No. 332.[2] He was sentenced to a 240 month term of imprisonment. *Id.* Chapa's plea agreement included an express appellate waiver, including a waiver of his rights to "contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."

---

[1]Chapa filed this action while he was confined at FMC-Fort Worth, but he has been transferred to FCI-Three Rivers. ECF No. 15.

[2]The Court takes judicial notice of the records of Chapa's criminal case. *See* FED. R. EVID. 201(b)(2) and (c)(1).

Plea Agreement, App. 17–18, ECF No. 11–1. Chapa's direct appeal to the Seventh Circuit was dismissed. *United States v. Chapa,* 602 F.3d 865 (7th Cir. 2010). Review of Chapa's criminal docket shows that he never sought § 2255 relief there. He instead filed the instant § 2241 petition in this Court. Pet. 1, ECF No. 1.

## II. CLAIMS FOR RELIEF

Chapa asserts that the convicting court improperly sentenced him to a mandatory minimum sentence of 240 years due to a prior felony drug offense. Pet. 1–2, ECF No. 1. He asserts four separate arguments in support of his broad ground for relief: (1) his 1996 conviction for possession of marijuana cannot serve as a prior conviction for a felony drug offense under *DesCamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 136 S.Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); (2) the mandatory minimum penalty provision in 21 U.S.C. § 841(b)(1)(A) are unconstitutionally vague under the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015); (3) the 1996 conviction was too old an offense to serve as the basis for a mandatory minimum sentence under § 841; and (4) he was denied the right to effective assistance of counsel because counsel did not object to the use of his 1996 drug conviction as a predicate felony offense. Pet. 2–4, ECF No. 1. Chapa seeks to be re-sentenced. Pet. 5, ECF No. 1.

## III. ANALYSIS

### A. Whether Chapa has invoked the § 2255 Savings Clause

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings

clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Chapa cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830). Chapa has not met his burden to make this showing on any of his claims.

1. *Descamps, Mathis,* and *Hinkle* are not retroactively applicable.

The Court notes that Chapa first recites claims for relief based upon two Supreme Court decisions: *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and a decision of the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Pet. 2, ECF No. 1. Although Chapa refers to the two Supreme Court decisions, he has not

3

argued that either of the decisions has been made retroactively applicable, and/or that either of the decisions establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. *See Christopher*, 342 F.3d at 382. Relevant case law recognizes that the *Descamps* and *Mathis* decisions do not provide a basis for invoking the savings clause. *See e.g., Jackson v. Daniels*, 637 F. App'x 173, 174 (5th Cir. 2016) (affirming district court's rejection of invocation of a savings-clause claim based upon *Descamps* because it had no "effect on whether Jackson was convicted of nonexistent federal drug offenses"); *Oxner v. Roy*, 616 F. App'x 191 (5th Cir. 2015) ("As *Descamps* addresses sentencing issues and has no effect on whether the facts of Oxner's case would support his convictions for the substantive offenses, it is not a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense") (citations omitted); *Getachew v. Harmon,* No. 3:17-cv-224-D, 2017 WL 2348834, at * 3–4 n. 1 (N.D. Tex. March 27, 2017) (rejecting *Mathis* based claims under the § 2241 savings clause), *rep. and rec. adopted*, 2017 WL 2345707 (N.D. Tex. May 30, 2017) (Fitzwater, J.).

Furthermore, *Hinkle v. United States* is of course not a Supreme Court decision, and the Fifth Circuit's application of *Mathis* in that case arose on direct appeal, not collateral review. *See Hinkle*, 832 F.3d at 574-77. Thus, *Hinkle* provides no basis for relief under the savings clause. *See Nelson v. Pollock*, 2017 WL 3881500, at *2 (W.D. La. July 11, 2017) (rejecting petitioner's claims that he was entitled to seek relief under § 2241 against his career offender sentence under *Mathis* and *Hinkle* based upon the savings clause), *rep. and rec. adopted*, 2017 WL 38811163 (W.D. La. Sep. 1, 2017). Thus, Chapa has not invoked the savings clause in reliance on *DesCamps*, *Mathis*, and *Hinkle*.

2. Chapa's vagueness challenge to 21 U.S.C. § 841(b)(1)(A).

Next, Chapa asserts that the mandatory minimum penalty provision in 21 U.S.C. § 841(b)(1)(A) is unconstitutionally vague under the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pet. 3, ECF No. 1. But because Chapa challenges only his

4

sentence—and not his underlying conviction—this claim under *Johnson* does not fall within the savings clause of section 2255(e). *See Kelly v. Castaneda*, 711 F. App'x 243 (5th Cir. 2018) ("We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)") (citations omitted); *Logan v. Warden Fed. Corr. Complex Beaumont*, 644 F. App'x 280, 280–81 (5th Cir. 2016) (*per curiam*) (claim that challenges only the validity of a sentence fails to establish Petitioner was convicted of a non-existent offense as required by *Reyes-Requena*) (citations omitted).

    3.    <u>Chapa's claims that the predicate state drug offense was too old to be used as the basis for his mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(A).</u>

Chapa also alleges that his 1996 Texas drug conviction was too old an offense to serve as the basis for his mandatory minimum sentence under § 841. Pet. 4, ECF No. 1. This claim fails on the first prong of the savings clause test, however, as Chapa cites no retroactively applicable Supreme Court precedent to support his argument. Furthermore, this claim is yet another challenge to his sentence, not his underlying conviction. Thus, Chapa cannot bring a § 2241 claim on this basis.

    4.    <u>Chapa's claim of ineffective assistance of counsel.</u>

Lastly, Chapa asserts a claim for ineffective assistance of counsel because his attorney did not object to the use of his state drug conviction as a predicate offense for his mandatory minimum sentence. Pet. 4, ECF NO. 1.This claim, like the others, does not satisfy the savings clause test. *See Wooderts v. United States*, 338 F. App'x 387, 388 (5th Cir. 2009) (affirming trial court's determination that claim that counsel provided ineffective assistance at sentencing did not invoke the § 2255 savings clause); *see also Ball v. Conner*, No. 03-40383, 2003 WL 22971285, at * 1 (5th Cir. Dec. 10, 2003) ("Ball's claim of ineffective assistance of counsel fails to satisfy the requirements of the savings clause. The claim is not based on a retroactively applicable Supreme

Court decision which establishes Ball's innocence.") Accordingly, Chapa's ineffective assistance claim challenging conduct at sentencing does not come within the savings clause, and Chapa cannot obtain relief under § 2241 on such claim.

As Chapa does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Chapa's § 2241 petition must be dismissed for want of jurisdiction.[3] *See Christopher*, 342 F.3d at 379, 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

## IV. CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Jacinto Chapa's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **14th day** of **May, 2019**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3]The court has not considered the Respondent's alternative argument that the language of Chapa's waiver of post-conviction relief barred him from seeking relief under § 2241.